BOARD OF PUBLIC INSTRUCTION FOR THE COUNTY OF PALM BEACH and SPECIAL SCHOOL DISTRICT NUMBER FOUR OF PALM BEACH COUNTY v. STATE.

177 So. 615.
Division A.
Opinion Filed December 16, 1937.

C. D. *Blackwell,* for Appellants;
*Pleus, Williams & Pleus,* as *Amici Curiae.*

'TERRELL, J.—In May, 1937, the Board of Public Instruction on behalf of Special Tax School District No. 4 of Palm Beach County filed its petition in the Circuit Court to validate refunding bonds of said district to take the place of other bonds outstanding and in default. Requisite service was made and the State Attorney filed an answer offering no resistance to the petition and stating that he knew no reason why the bonds should not be validated. The matter came on to be heard before the Circuit Court who entered his decree holding the refunding bonds invalid and dismissing the petition. The Board of Public Instruction and Special Tax District No. 4 appealed.

The question for determination is whether refunding bonds proposed to be issued under the circumstances here related should conform to the requirements of Section Seventeen of Article Twelve of the Constitution or should their issue be governed by Section Six of Article Nine of the Constitution.

So much of Section Seventeen of Article Twelve of the Constitution as is pertinent to this question provides that Special Tax School Districts may issue bonds not to exceed twenty per cent. of the assessed valuation in the district,

payable within thirty years in annual installments, payment to commence in not more than three years after date of issue and each annual installment to be not less than three per cent. of the total amount issued.

The pertinent part of Section Six of Article Nine of the Constitution requires that all bonds of Counties, Districts, or Municipalities shall be issued by an approving vote of a majority of the qualified freeholders except refunding bonds issued for the purpose of liquidating bonds outstanding with interest thereon. As to these, an approving vote of the freeholders is not required.

The Chancellor took the position that the refunding bonds in question being those of a special tax school district, they were controlled by Section Seventeen of Article Twelve of the Constitution and should be issued in conformity with the requirements thereof here quoted. Appellants contend that the Chancellor was in error.

The pertinent part of Section Six of Article Nine was an amendment adopted in 1930 and was written into the Constitution for the purpose of placing restrictions on the issue of original bonds and permit the issue of refunding bonds on terms more easily carried. This Court has taken the position that this amendment was the last expression of the people on the question of refunding bonds and as to such, superseded Section Seventeen of Article Twelve. Sullivan v. City of Tampa, 101 Fla. 298, 134 So. 211; State v. City of Orlando, 126 Fla. 251, 170 So. 887; State v. Citrus County, 116 Fla. 676, 157 So. 4; State v. Special Tax School District No. 5, Dade County, 107 Fla. 93, 144 So. 356; State v. Special Tax School District No. 14, Dade County, 119 Fla. 352, 161 So. 410.

Section Seventeen of Article Twelve was adopted in 1924 when conditions in the State were quite different from what they were in 1930 when the refunding provision was added

to Section Six of Article Nine. To have carried the restrictive provisions in the refunding bonds that were required in the original ones would have amounted to a denial of the power to refund in many cases and would have very much hampered others.

It follows that the judgment below must be and is hereby reversed.

Reversed.

WHITFIELD, BROWN, BUFORD and CHAPMAN, J. J., concur.

ELLIS, C. J., dissents.